1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OLDCASTLE PRECAST, INC.,                    No.  2:16-cv-01844-KJM-CKD

12                  Plaintiff,

13       v.                                      ORDER

14   JENSEN ENTERPRISES, INC., d/b/a
     JENSEN PRECAST,
15
                    Defendant.
16

17

18              Plaintiff Oldcastle Precast, Inc. alleges several products of Defendant Jensen

19   Enterprises, Inc. violate patents held by Oldcastle.  Oldcastle filed its complaint on August 3,

20   2016, ECF No. 1, and Jensen answered with seven counterclaims, ECF No. 15.  The court issued

21   a pretrial scheduling order, ECF No. 21, which set, among other things, a deadline of January 30,

22   2017, for the parties to amend the pleadings without leave of court.  It also set a discovery

23   deadline of November 17, 2017. *Id.*  Nonetheless, on March 6, 2017, Jensen filed a Motion for

24   Leave to File Amended Answer and Counterclaims.  ECF No. 22.  For the reasons provided

25   below, the court GRANTS Jensen's Motion.

26   I.      BACKGROUND

27              Oldcastle alleges that Jensen has infringed two of its patents:  U.S. Patent

28   Nos. 8,835,757 and 9,174,798.  The patents cover utility boxes buried in the ground that enclose

                                                1

1 wires, valves or other structures. Both are entitled "Locking Subgrade Vault" and name Eric

2 Freeman as the sole inventor.

3 In investigating Oldcastle's claims, Jensen states it discovered that Steve Miller, an

4 employee at the company that designed part of Jensen's allegedly infringing products, should

5 have been named as a co-inventor on Oldcastle's patents. This is because Miller allegedly

6 "invented the cap and one or more of the attachment mechanisms claimed in the asserted

7 patents." Def.'s Mot. for Leave to File Am. Answer 3 ("Def.'s Mot."), ECF No. 23.

8 Furthermore, Jensen asserts that Miller and the company that employs him, Pre/Plastics, Inc.,

9 "assigned all intellectual property rights in the utility box cap and attachment mechanism that

10 Pre/Plastics designed for Jensen to Jensen." *Id.* at 4. Thus, Jensen now seeks to add

11 counterclaims for correction of inventorship and for declaratory judgment of non-infringement

12 based on its own alleged co-ownership of the patents at the center of this lawsuit.

13 On February 2, 2017, three days after time had run for the parties to amend their

14 pleadings without leave of court, Jensen sent a letter informing Oldcastle of its new

15 counterclaims. On February 15, Jensen emailed Oldcastle its draft amended answer and

16 counterclaims and requested Oldcastle's consent to amend its pleadings. Two days later,

17 Oldcastle responded that it would oppose Jensen's amendment, because it disputed the factual

18 allegations Jensen intended to add to its pleadings and it disagreed that Miller's alleged

19 contribution to the patents supported a claim of inventorship. The instant motion followed on

20 March 6.

21 II.    STANDARD

22      A.    Rule 16(b)

23 Once the district court has filed a pretrial scheduling order establishing a timetable

24 for amending pleadings, Rule 16(b) governs requests to amend it. Fed. R. Civ. P. 16(b); *Johnson*

25 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under that Rule, "[a]

26 schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

27 16(b)(4). Thus, the liberal amendment standard set out in Rule 15(a) and described below is

28

inapplicable until the movant first demonstrates that good cause under Rule 16(b) justifies the

amendment. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606–07 (E.D. Cal. 1999).

Rule 16's good cause standard "primarily considers the diligence of the party

seeking the amendment." *Johnson*, 975 F.2d at 609. Rule 16(b) allows modification of the

pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendments. Carelessness is

not a reason for modification. *Johnson*, 975 F.2d at 609. Prejudice to the party opposing the

modification also provides grounds to deny a motion to amend the pretrial schedule. *Id.*

However, the focus of the inquiry remains the moving party's reasons for the motion, and "[i]f

that party was not diligent, the inquiry should end." *Id.*

B.    Rule 15(a)

Rule 15, on the other hand, provides that leave to amend shall be "freely" given

"when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme

liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

(quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Leave to

amend, though, is still subject to limitations, which include bad faith, undue delay, prejudice to

the opposing party, and futility of amendment. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

1047, 1058 (9th Cir. 2011). "[I]t is the consideration of prejudice to the opposing party that

carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing

amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of

amendment." *United Steel Workers Int'l Union v. ConocoPhillips Co.*, No. CV 08-2068 PSG

(FFMX), 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009).

III.    DISCUSSION

To amend the pretrial schedule, Jensen must first demonstrate good cause under

Rule 16. Oldcastle contends Jensen lacks good cause because "Jensen learned of the evidence

allegedly supporting its counterclaims and defenses . . . in December 2016" and does not explain

"why it waited until after the January 30, 2017[,] deadline for filing amended pleadings to file its

Motion to Amend." Pl.'s Opp'n 1, ECF No. 28. In response, Jensen concedes it obtained the

1  relevant evidence "at the end of December and briefly continued its investigation rather than

2  immediately seeking leave to amend." Def.'s Reply 2, ECF No. 30. Primarily, Jensen argues

3  good cause exists because its new counterclaims are "based on new information Jensen learned

4  through discovery" and that "[a]llowing parties to amend based on information obtained through

5  discovery is common and well established." *Id.* at 2 (alteration in original) (quoting *Fru-Con*

6  *Constr. Corp. v. Sacramento Mun. Until. Dist.*, No. CIV. S-05-583 LKK/GGH, 2006 WL

7  3733815, at *5 (E.D. Cal. Dec. 15, 2006)).

8       The court finds Jensen was sufficiently diligent in seeking amendment and that

9  good cause to amend the pretrial scheduling order exists. Jensen learned of the factual basis for

10 its proposed amendment only in December 2016. *See* Aff. of Steve Miller, ECF No. 29-3.

11 Jensen alerted Oldcastle of its intention to seek leave to amend its answer little more than a month

12 later and a mere three days after the deadline for amended pleadings. Email from Michael

13 Friedland, Partner, Knobbe, Martins, Olson & Bear, LLP, to John Heuton, Associate, Sheridan

14 Ross P.C. (Feb. 15, 2017), ECF No. 24-2. Jensen then filed this motion within about two weeks

15 of learning Oldcastle intended to oppose the amendments. *See* Def.'s Mot. for Leave to File Am.

16 Answer. Jensen was diligent not only in discovering the basis for its new counterclaims and in

17 presenting them to the court, but also in keeping Oldcastle apprised of its intentions.

18       Oldcastle also claims prejudice associated with Jensen's delay in moving to amend

19 its answer and counterclaims. *See* Pl.'s Opp'n 8. This argument, made only in passing, is

20 unavailing for two reasons. First, Jensen alerted Oldcastle of its intention to amend its answer

21 and add additional counterclaims only three days after the deadline for amending pleadings. That

22 is, Oldcastle was put on notice of the amended answer and additional counterclaims only three

23 days later than it would have been put on notice had Jensen amended its pleadings as of right on

24 the January 30 deadline. *See Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411

25 OWW/GSA, 2010 WL 596312, at *11 (E.D. Cal. Feb. 16, 2010) (granting leave to amend to add

26 new claims in part because the defendant had been placed on notice of those claims). Second, the

27 prejudice Oldcastle supposedly will suffer has nothing to do with delay. Oldcastle complains it

28 "will be prejudiced by having to conduct expensive and time-consuming discovery, and

4

1  subsequent motion practice." *Id.* However, "[t]he fact that the amended counterclaim may cause

2  more work does not constitute prejudice." *Fru-Con Constr.*, 2006 WL 3733815, at \*5.

3  Furthermore, discovery is scheduled to continue through November 17, 2017, allowing for

4  months of discovery on Jensen's added counterclaims. *See Artemus v. Louie*, Case No. 16-cv-

5  00626-JSC, 2017 WL 747368, at \*4 (N.D. Cal. Feb. 27, 2017) (granting a motion to amend in

6  part because "there [was] significant time left in discovery").

7          Because Oldcastle has not shown sufficient prejudice to defeat Jensen's showing

8  of good cause, the court turns to a Rule 15 analysis. Aside from its contention that no good cause

9  exists to modify the pretrial schedule, Oldcastle opposes amendment solely on the basis of its

10  alleged futility. *See* Pl.'s Opp'n 8–14. The gravamen of Oldcastle's argument is that the features

11  depicted in drawings Miller allegedly created in 2008 "had been known in the prior art for years

12  prior to Mr. Miller's alleged date of invention." Pl.' Opp'n 11. Thus, Oldcastle contends, Miller

13  could not have made any patentable contribution to the patents at issue here. *Id.* at 11–12 (citing

14  *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 981 (Fed. Cir. 1997)). Oldcastle also

15  states Jensen's new counterclaims are inconsistent with its responses to interrogatories, which

16  state that the design elements Miller's drawings depict were disclosed in the prior art. *Id.* at 12.

17          However, as Jensen clarifies, it has "asserted that every feature of the asserted

18  claims was known in the prior art—not just the [portion depicted in Miller's drawings] as

19  Oldcastle . . . asserts." Def.'s Reply 7 (citing Jensen Enters., Inc.'s Objs. & Resps. to Oldcastle

20  Precast, Inc.'s First Set of Interrogs., ECF No. 30-2). Jensen not only denies that any portion of

21  the patents is valid, but also takes the alternative position that if the patents are valid, Miller

22  should be named as a co-inventor. In this context, to deny leave to amend, the court would need

23  to prematurely rule on plaintiff's patents' validity. Although Miller's alleged inventorship is a

24  question of law, *see Sewall v. Walters*, 21 F.3d 411, 415 (Fed. Cir. 1994) ("Conception, and

25  consequently inventorship, are questions of law . . . ."), it is not appropriate to determine

26  inventorship at this stage of the litigation on such a sparse record and after only limited briefing

27  focused on whether good cause for amendment of the pleadings exists. *Cf. Vita-Herb*

28  *Nutriceuticals Inc. v. Probiohealth LLC*, No. SACV 11-1463 DOC(MLGx), 2012 WL 3903454,

1    at*10 (C.D. Cal. Sept. 6, 2012) (declining "to construe the terms and scope" of the patent at issue

2    "without sufficient input from the parties").

3    IV.      <u>CONCLUSION</u>

4          For the reasons provided above, the court GRANTS Jensen's Motion for Leave to

5    Amend Answer and Counterclaims, ECF No. 22. Jensen is directed to file on the docket its

6    amended answer and counterclaims as provided in proposed form with its motion, within seven

7    (7) days of the date of this order.

8          IT IS SO ORDERED.

9    DATED: August 9, 2017.

10

11                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28